The order below is hereby signed.

Signed: July 21 2015



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | Cases under Chapter 11 |
| | ) | |
| GEMMA CALLISTE, | ) | Case No. 10-00685 |
| | ) | |
| EARL CALLISTE, | ) | Case No. 13-00500 |
| | ) | |
| Debtors. | ) | |

ORDER GRANTING MOTION FOR JOINT ADMINISTRATION

Upon consideration of the *Motion to Consolidate* filed as Dkt. No. 165 in Case No. 10-00685, requesting an order pursuant to Fed. R. Bankr. P. 1015(b), and which the court therefore treats as a motion for joint administration, not a motion for substantive consolidation, it is

ORDERED that that the *Motion* is granted as set forth herein. It is further

ORDERED that the above-captioned cases shall be administered jointly, for procedural purposes only, under *In re Gemma Calliste*, Case No. 10-00685, without effecting a substantive consolidation of the debtors' estates.  It is further

ORDERED that nevertheless, any paper of the following type:

- any notice to a creditor of the commencement of the case; or

- a schedule, statement, list, or mailing matrix required by Fed. R. Bankr. P. 1007 and this court's LBRs 1007-1 through 1007-4; or

- a notice under LBR 1007-3 (*e.g.*, regarding a claim scheduled as disputed); or

- a statement under LBR 1007-2(b) (regarding an amendment to the schedules as not requiring an amendment to the Rule 1007(a)(1) or (2) list); or

- a proof of claim; or

- any amendment of any of the foregoing types of papers (including notices to an affected creditor of the amendment) and any papers relating thereto and required by LBRs 1009-1 through 1009-3; or

- a monthly operating report,

shall continue to be filed in the individual case to which it relates and shall bear the original caption and Case Number for that case, including in the case of a notice to a creditor (when required to be filed in an individual case) the information required by Rule 2002(n).  It is further

ORDERED that all other papers filed in the cases shall be docketed in the lead case, Case No. 10-00685, and shall bear the following caption:

```
In re                            )
                                 )
GEMMA CALLISTE,                  )   Case Nos. 10-00685
EARL CALLISTE,                   )             13-00500
            Debtors.             )        (Chapter 11)
                                 )    (Jointly Administered Under
                                 )      Case No. 10-00685)
```

It is further

ORDERED that the debtors shall file in Case No. 10-00685 a master mailing matrix that includes all of the entities required to be listed in either of the cases under Rule 1007(a)(1) with a cover sheet certifying, under penalty of perjury, that the master mailing matrix includes the correct name and address of each of the entities required to be listed in either of the jointly administered cases under Fed. R. Bankr. P. 1007(a)(1) (and shall avoid duplication when an entity is a creditor in more than just one of the cases).  It is further

ORDERED that (unless and until joint administration is terminated) the debtors **are not required to** maintain a separate mailing matrix in either of the cases and may maintain only the master mailing matrix in the lead case.  It is further

ORDERED that each debtor **is nevertheless required** to update its list under Rule 1007(a)(1) and its list under Rule 1007(d) whenever necessary for such lists to be accurate (for example, when a new entity is scheduled or a change is made to the name or address of an entity).  It is further

ORDERED that whenever a debtor makes an amendment to the debtor's list under Rule 1007(a)(1):

- the affected debtor shall file in the lead case an amendment to the master mailing matrix, with an appropriate cover sheet certifying, under penalty of

      perjury, that the master mailing matrix as amended by the attached amendment includes the correct name and address of each of the entities required to be listed in either of the jointly administered cases under Fed. R. Bankr. P. 1007(a)(1), or

- if the master mailing matrix does not need to be amended (because the entities affected by the amendment were already correctly listed on the master mailing matrix due, *e.g.*, to being listed by reason of the other case), the debtor shall file in the affected case a statement to that effect.

It is further

    ORDERED that, in addition to docketing future papers for the cases in Case No. 10-00685, the clerk is instructed to docket in that case, as the lead case, any paper docketed in the other case prior to entry of this order for joint administration (such as papers relating to any application or contested matter not yet resolved) as the clerk deems necessary to maintain a meaningful docket in the lead case.  It is further

    ORDERED that the debtors are authorized, but not required, to maintain in the lead case a combined Rule 1007(d) list containing the name, address and claim of the creditors that hold in each case the 20 largest unsecured claims, excluding insiders, utilizing Official Form 4 (modified to reflect that it is **a**

**combined list** of all of the creditors required to be listed under Rule 1007(d) in each of the cases), but the debtors shall nevertheless maintain a separate Rule 1007(d) list for each case. It is further

ORDERED that whenever a rule requires service on the creditors listed under Rule 1007(d), service may be made on the creditors listed on the combined Rule 1007(d) list or, alternatively, on the Rule 1007(d) list for the case in which such service is required.[1]  It is further

ORDERED that in each of the cases, the docket entry for this order and a separate notice bearing the caption of that case, including the information required by Rule 2002(n), shall be issued by the clerk to the entities on the case's mailing matrix that recites substantially as follows:

> An order has been entered in this case directing the joint administration of Case Nos. 10-00685 and 13-00500. **Any proof of claim (and any amendment thereto), and any notice of transfer of claim, shall nevertheless be filed in and bear the original caption and Case Number for the case of the debtor against whose estate the claim is filed or transferred.  All other papers filed by a**

---

[1] The court's concern is that parties in interest are often required to serve all creditors included on a debtor's Rule 1007(d) list (*e.g.*, Rule 4001 motions), and expanding the list from a list of 20 to a greater number may place an undue burden on non-debtor parties in interest.  Out of an abundance of caution, and for ease of satisfying their service obligations, the debtors may prefer generally to rely on a consolidated Rule 1007(d) list, and the debtors are free to do so.  The court will not, however, compel other parties in interest to assume the burden of serving the creditors listed on a combined Rule 1007(d) list.

5

**creditor should be filed bearing a caption as set forth below.** The docket in Case No. 10-00685 should be consulted for all matters affecting the jointly administered cases (other than those limited papers already filed prior to the order for joint administration; those papers required by Fed. R. Bankr. P. 1007 to be filed by the debtor in each individual case; proofs of claim and papers relating to transfers of claims; and monthly operating reports).

**FORM OF CAPTION FOR PAPERS
FILED IN THE CASES AS JOINTLY ADMINISTERED:**

```
In re                                )
                                     )
GEMMA CALLISTE,                      )    Case Nos. 10-00685
EARL CALLISTE,                       )              13-00500
                  Debtors.           )         (Chapter 11)
                                     )    (Jointly Administered Under
                                     )     Case No. 10-00685)
```

[Signed and dated above.]

Copies to:

Recipients of e-notification of filings through CM/ECF.